UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61080-SINGHAL/VALLE

TRACEY GRAHAM,

    Plaintiff,

v.

BARRIER TECHNOLOGIES, LLC, *et al.*,

    Defendants.

_____

## **OMNIBUS ORDER ON DISCOVERY MOTIONS**

THIS CAUSE is before the Court upon: (i) Plaintiff's Motion to Compel Discovery (ECF No. 35); (ii) Plaintiff's Motion for Leave to File Reply in Support of Motion to Compel Discovery (ECF No. 37); (iii) Defendant's Motion for Leave to Use Documents Received After Discovery Deadline (ECF No. 39); and (iv) Defendant's Motion to Compel (ECF No. 40) (together, the "Motions"). Having reviewed the record, the Motions, Responses (ECF Nos. 36, 38, 42, 43), and Replies (ECF Nos. 41, 44), and being duly advised in the matter, it is hereby **ORDERED AND ADJUDGED** as set forth below.

### I.    **BACKGROUND AND LEGAL STANDARD**

Plaintiff allegedly worked for Defendant as an "embroiderer" from February 24, 2020 to April 16, 2020. *See generally* (ECF No. 19). On July 20, 2020, Plaintiff filed a three-count Amended Complaint alleging that she was "unlawfully terminated after she developed viral symptoms and self-isolated as [advised] by her health care provider because of COVID-19 concerns." *Id.* ¶ 4. Of the three original counts, only Count II remains, alleging retaliation or

interference in violation of Families First Corona Virus Response Act ("FFCRA").[1] *See generally* (ECF No. 19).

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[2]  Fed. R. Civ. P. 26(b)(1).

## II.  PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF NO. 35); PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY (ECF NO. 37)

Plaintiff seeks to compel production of Defendant's "embroidery logs for the period April 10, 2020 to May 29, 2020."  *See*  (ECF No. 35 at 3, 4).  Although Defendant initially challenges the proportionality of Plaintiff's request, it asserts that it has "gathered and produced documents covered by Plaintiff's Motion to Compel," thus making this motion moot. (ECF No. 36 at 3).  In Reply, Plaintiff does not dispute receipt of some embroidery logs, but argues instead that some logs are "undated" and that Defendant did not produce "daily" logs.  *See generally* (ECF No. 41).  Consequently, Plaintiff attempts to resurrect an earlier discovery request for *invoices*, to which Defendant previously objected as unduly burdensome.[3]

Based on a review of the record, the undersigned finds that Defendant's production of embroidery logs, even if undated, is sufficient to comply with the discovery requested in this motion.  Plaintiff's resulting inquiry as to why there are only five embroidery logs is best addressed

---

[1] Plaintiff's claim for unpaid leave (Count I) was resolved through an offer of judgment. (ECF No. 23).  As well, Plaintiff stipulated to dismissal with prejudice of her disability discrimination claim (Count III).  (ECF No. 46).

[2] The Court considers the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

[3] To be clear, the instant motion is limited to "embroidery logs."  Plaintiff did not file a motion to compel the production of invoices, and the time to do so has lapsed.

through other discovery means (e.g., depositions) or, if necessary, at trial. Accordingly, Plaintiff's Motion to Compel Discovery (ECF No. 35) is **DENIED**.

Lastly, the Court has also considered the parties' arguments related to Plaintiff's Motion for Leave to File a Reply in Support of Motion to Compel (ECF No. 37). No further reply is necessary. Accordingly, Plaintiff's Motion for Leave to File a Reply is also **DENIED**.

### III. DEFENDANT'S MOTION FOR LEAVE TO USE DOCUMENTS RECEIVED AFTER DISCOVERY DEADLINE (ECF NO. 39)

To test the veracity of Plaintiff's Job Search Log, Defendant seeks to use documents produced by third-parties (listed on Plaintiff's Job Search Log) in response to subpoenas that Defendant served on March 29, 2021, one day before the discovery deadline of March 30, 2021. *See generally* (ECF No. 39); *see also* (ECF No. 33). In relevant part, Local Rule 26.1(d) provides that "subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date." S.D. Fla. L.R. 26.1(d). The Rule also provides that "[f]ailure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order." *Id*.

Here, Defendant served the subpoenas one day before the expiration of the discovery deadline. (ECF No. 39 at 3). The third-parties, however, did not object to the subpoenas. In fact, one company (Select Source International) responded to Defendant's subpoena on March 30, 2021, within the discovery period. *Id*. at 4. A second entity (Monogram Ashville) responded on April 1, 2021. *Id.*

Plaintiff cannot show that she will be prejudiced by Defendant's use of documents received within the discovery deadline. Accordingly, Defendant's Motion for Leave to Use Documents Received After Discovery Deadline (ECF No. 39) is **GRANTED IN PART**. More specifically, Defendant may use those responsive documents it received by March 30, 2021. Any responsive

documents received after March 30, 2021 (e.g., those documents from Monogram Ashville) may not to be used in this case, as they were received beyond the discovery period. Lastly, Plaintiff's request in its response to "depose a corporate representative at the subpoenaed companies," *see* (ECF No. 42 at 3), is **DENIED**.

### IV.     DEFENDANT'S MOTION TO COMPEL (ECF NO. 40)

Defendant seeks to compel Plaintiff to produce: (i) all documents showing any and all non-Florida related travel from April 10, 2020 through the present; and (ii) her 2020 tax returns. *See generally* (ECF No. 40). Defendant also requests that Plaintiff "sit for a continued deposition [to] answer questions about alleged damages and life events that could have an effect on Plaintiff's compensatory damages." *Id.* at 5.

#### A. *Non-Florida Travel*

The undersigned finds that Defendant has failed to demonstrate how *all* documents showing non-Florida travel are relevant to Plaintiff's claim for retaliation or interference in violation the FFCRA. Rather, Defendant's expressed purpose for obtaining these documents is to "demonstrate that Plaintiff has misrepresented her mitigation efforts or otherwise failed to properly mitigate her purported damages." (ECF No. 40 at 4). Moreover, Plaintiff asserts that she has already produced documents evidencing her travel to North Carolina and Washington after her termination. (ECF No. 43 at 1). Therefore, Defendant's request for "all documents" related to non-Florida travel is **DENIED** as overbroad and irrelevant.

#### B. *Tax Returns*

In the Amended Complaint, Plaintiff alleges that she "suffered lost wages . . . because of her termination." (ECF No. 19 ¶ 56). Thus, Plaintiff's tax returns may be relevant to her claim of "lost wages." *See, e.g., Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 409534, at *2-3 (S.D. Fla.

Jan. 24, 2020) (concluding that tax returns were arguably relevant to the claims in a slip and fall case). Nonetheless, Defendant's motion to compel is untimely. Pursuant to Local Rule 26.1(g), all discovery disputes must be presented to the Court within 30 days from the date on which a party first learns of or should have learned of a purported deficiency concerning the production of discovery materials. Furthermore, absent a showing of good cause for the delay, failure to timely present the dispute to the Court may constitute a waiver of the relief sought. S.D. Fla. L.R. 26.1(g).

Here, Plaintiff argues that Defendant requested financial documents (including tax returns) as part of its first request for production, to which Plaintiff objected on November 12, 2020. (ECF No. 43 at 2). Rather than moving to compel the production of the financial documents at that time, Defendant included the same request for tax returns in its second request for production. The Court finds that Defendant's belated motion to compel documents to which Plaintiff objected months earlier is untimely under Local Rule 26.1's 30-day limit. Accordingly, Defendant's request for Plaintiff's 2020 tax returns is **DENIED**.

    C. *Continued Deposition*

Based upon a review of the record, the undersigned finds that a further deposition of Plaintiff is unwarranted. Plaintiff's Amended Complaint alleges that Plaintiff "suffered lost wages . . . because of her termination." (ECF No. 19 ¶ 56). On March 8, 2021, Defendant deposed Plaintiff and had sufficient opportunity to focus its questions on the claims at issue, including damages. *See generally* (ECF No. 40-4). Instead, Defendant inquired about general "run-ins with the law" and sought to question Plaintiff about details of domestic violence long predating her alleged termination. *Id.*

Under these circumstances, Defendant has failed to show good cause for a Plaintiff's continued deposition on these topics. Accordingly, Defendant's request to continue Plaintiff's deposition is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on June 3, 2021.

                                                ALICIA O. VALLE
                                                UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
     All Counsel of Record